UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

WALLY QUINONES,

Plaintiff,

-against-

Officer RANDY MILLER (Shield #18393), Officer
WENDELINE OLMO (Shield #16042), Officer EBONY
SIMONS (Shield #18573), Captain "JOHN" WILLIAMS
(Shield #1201), Officer NAIROD WOODS (Shield #8390),
Officer JOHN DOE, Warden WILLIAM COLON, Chief
EVELYN MIRABEL, Commissioner DORA SCHRIRO
and CITY OF NEW YORK,

Defendants.

------------------------------------------------------------------------ x

**ANSWER TO THE
COMPLAINT ON BEHALF
OF DEFENDANTS**

15 Civ. 01109 (NRB)

JURY TRIAL DEMANDED

　　　　　Defendants Officer Randy Miller ("Miller"), Officer Wendeline Olmo ("Olmo"),

Officer Ebony Simons ("Simons"), Captain Williams ("Williams"), Officer Nairod Woods

("Woods"), Warden William Colon ("Colon"), Chief Evelyn Mirabel ("Mirabel"),

Commissioner Dora Schriro ("Schriro") and City of New York ("City"), by their attorney,

Zachary W. Carter, Corporation Counsel of the City of New York, for their answer to the

complaint, respectfully allege, upon information and belief, as follows:

　　　　　1.　　　Deny the allegations set forth in paragraph "1" of the complaint.

　　　　　2.　　　Deny the allegations set forth in paragraph "2" of the complaint, except

admit that plaintiff purports to seek relief as stated therein.

　　　　　3.　　　Deny the allegations set forth in paragraph "3" of the complaint, except

admit that plaintiff purports to bring this action as stated therein.

　　　　　4.　　　Deny the allegations set forth in paragraph "4" of the complaint, except

admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

5.      Deny the allegations set forth in paragraph "5" of the complaint, except admit that plaintiff purports to base venue as stated therein.

6.      The allegations set forth in paragraph "6" of the complaint are not averments of fact requiring a response.

7.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8.      Deny the allegations set forth in paragraph "8" of the complaint, except admit that the City of New York is a municipal corporation organized under the laws of the State of New York, and respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City and the New York City Department of Correction.

9.      Deny the allegations set forth in paragraph "9" of the complaint, except admit that, on November 20, 2013, Commissioner Schriro was employed by DOC.

10.     Deny the allegations set forth in paragraph "10" of the complaint, except admit that, on November 20, 2013, Chief Mirabel was employed by DOC.

11.     Deny the allegations set forth in paragraph "11" of the complaint, except admit that, on November 20, 2013, Warden Colon was employed by DOC.

12.     Deny the allegations set forth in paragraph "12" of the complaint, except admit that, on November 20, 2013, Officer Miller was employed by DOC.

13.     Deny the allegations set forth in paragraph "13" of the complaint, except admit that, on November 20, 2013, Officer Olmo was employed by DOC.

14.     Deny the allegations set forth in paragraph "14" of the complaint, except admit that, on November 20, 2013, Officer Simons was employed by DOC.

15. Deny the allegations set forth in paragraph "15" of the complaint, except admit that, on November 20, 2013, Captain Williams was employed by DOC.

16. Deny the allegations set forth in paragraph "16" of the complaint, except admit that, on November 20, 2013, Officer Woods was employed by DOC.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. The allegations set forth in paragraph "18" of the complaint are not averments of fact requiring a response.

19. The allegations set forth in paragraph "19" of the complaint are not averments of fact requiring a response.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the complaint.

27.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the complaint.

28.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the complaint.

29.     Deny the allegations set forth in paragraph "29" of the complaint, except admit plaintiff entered the second screening area.

30.     Deny the allegations set forth in paragraph "30" of the complaint, except admit plaintiff's mouth and shoes were inspected for contraband.

31.     Deny the allegations set forth in paragraph "31" of the complaint, except admit plaintiff was instructed to raise his shirt and turn in a circle.

32.     Deny the allegations set forth in paragraph "32" of the complaint.

33.     Deny the allegations set forth in paragraph "33" of the complaint.

34.     Deny the allegations set forth in paragraph "34" of the complaint.

35.     Deny the allegations set forth in paragraph "35" of the complaint.

36.     Deny the allegations set forth in paragraph "36" of the complaint.

37.     Deny the allegations set forth in paragraph "37" of the complaint.

38.     Deny the allegations set forth in paragraph "38" of the complaint.

39.     Deny the allegations set forth in paragraph "39" of the complaint.

40.     Deny the allegations set forth in paragraph "40" of the complaint.

41.     Deny the allegations set forth in paragraph "41" of the complaint.

42.     Deny the allegations set forth in paragraph "42" of the complaint.

43.     Deny the allegations set forth in paragraph "43" of the complaint.

44.     Deny the allegations set forth in paragraph "44" of the complaint.

45.    Deny the allegations set forth in paragraph "45" of the complaint.

46.    Deny the allegations set forth in paragraph "46" of the complaint.

47.    Deny the allegations set forth in paragraph "47" of the complaint.

48.    Deny the allegations set forth in paragraph "48" of the complaint.

49.    Deny the allegations set forth in paragraph "49" of the complaint.

50.    Deny the allegations set forth in paragraph "50" of the complaint.

51.    Deny the allegations set forth in paragraph "51" of the complaint.

52.    Deny the allegations set forth in paragraph "52" of the complaint.

53.    Deny the allegations set forth in paragraph "53" of the complaint.

54.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the complaint, except admit that a document purporting to be a notice of claim was received by the Office of the Comptroller of the City of New York on or about November 24, 2014.

55.    Deny the allegations set forth in paragraph "55" of the complaint.

56.    Deny the allegations set forth in paragraph "56" of the complaint.

57.    Deny the allegations set forth in paragraph "57" of the complaint.

58.    Deny the allegations set forth in paragraph "58" of the complaint.

59.    Deny the allegations set forth in paragraph "59" of the complaint.

60.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "60" of the complaint

61.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "61" of the complaint

62.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "62" of the complaint

63.     Deny the allegations set forth in paragraph "63" of the complaint.

64.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "64" of the complaint, and respectfully refer the Court to the purported cited report for a full and accurate statement therein.

65.     Deny the allegations set forth in paragraph "65" of the complaint, and respectfully refer the Court to the purported cited report for a full and accurate statement therein.

66.     Deny the allegations set forth in paragraph "66" of the complaint, and respectfully refer the Court to the purported cited report for a full and accurate statement therein.

67.     Deny the allegations set forth in paragraph "67" of the complaint, and respectfully refer the Court to the purported cited report for a full and accurate statement therein.

68.     Deny the allegations set forth in paragraph "68" of the complaint.

69.     Deny the allegations set forth in paragraph "69" of the complaint.

70.     Deny the allegations set forth in paragraph "70" of the complaint.

71.     Deny the allegations set forth in paragraph "71" of the complaint.

72.     Deny the allegations set forth in paragraph "72" of the complaint, and respectfully refer the Court to the purported cited report for a full and accurate statement therein.

73.     Deny the allegations set forth in paragraph "73" of the complaint, and respectfully refer the Court to the purported cited report for a full and accurate statement therein.

74.     Deny the allegations set forth in paragraph "74" of the complaint.

75.     Deny the allegations set forth in paragraph "75" of the complaint.

76.     In response to the allegations set forth in paragraph "76" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

77.     Deny the allegations set forth in paragraph "77" of the complaint.

78.     In response to the allegations set forth in paragraph "78" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

79.     Deny the allegations set forth in paragraph "79" of the complaint.

80.     Deny the allegations set forth in paragraph "80" of the complaint.

81.     In response to the allegations set forth in paragraph "81" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

82.     Deny the allegations set forth in paragraph "82" of the complaint.

83.     Deny the allegations set forth in paragraph "83" of the complaint.

84.     In response to the allegations set forth in paragraph "84" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

85.     Deny the allegations set forth in paragraph "85" of the complaint.

86.     In response to the allegations set forth in paragraph "86" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

87.     Deny the allegations set forth in paragraph "87" of the complaint.

88.     Deny the allegations set forth in paragraph "88" of the complaint.

89.     In response to the allegations set forth in paragraph "89" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

90.     Deny the allegations set forth in paragraph "90" of the complaint.

91.     Deny the allegations set forth in paragraph "91" of the complaint.

92.     In response to the allegations set forth in paragraph "92" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

93.     Deny the allegations set forth in paragraph "93" of the complaint.

94.     Deny the allegations set forth in paragraph "94" of the complaint.

95.     Deny the allegations set forth in paragraph "95" of the complaint.

96.     Deny the allegations set forth in paragraph "96" of the complaint.

97.     In response to the allegations set forth in paragraph "97" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

98.     Deny the allegations set forth in paragraph "98" of the complaint.

99.     In response to the allegations set forth in paragraph "99" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

100.    Deny the allegations set forth in paragraph "100" of the complaint.

101.    In response to the allegations set forth in paragraph "101" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

102.   Deny the allegations set forth in paragraph "102" of the complaint.

103.   In response to the allegations set forth in paragraph "103" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

104.   Deny the allegations set forth in paragraph "104" of the complaint.

105.   In response to the allegations set forth in paragraph "105" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

106.   Deny the allegations set forth in paragraph "106" of the complaint.

107.   In response to the allegations set forth in paragraph "107" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

108.   Deny the allegations set forth in paragraph "108" of the complaint.

## AS AND FOR  A FIRST AFFIRMATIVE DEFENSE:

109.   The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

110.   Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of defendant City, Miller, Olmo, Simons, Williams, Woods, Colon, Mirabel or Schriro.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

111.   Plaintiff provoked any incident.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

112.    Defendants City, Miller, Olmo, Simons, Williams, Woods, Colon, Mirabel and Schriro have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

113.    Defendants Miller, Olmo, Simons, Williams, Woods, Colon, Mirabel and Schriro have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

114.    Plaintiff may have failed to comply with one or more sections of the New York General Municipal Law.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

115.    This action may be barred, in whole or in part, by the applicable statute of limitations.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

116.    At all times relevant to the acts alleged in the complaint, defendants Miller, Olmo, Simons, Williams, Woods, Colon, Mirabel and Schriro acted reasonably in the proper and lawful exercise of their discretion.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

117.    Defendants Colon, Mirabel and Schriro had no personal involvement in the incident alleged in the complaint.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

118.    Punitive damages cannot be assessed against defendant City of New York.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

119.    Plaintiff has failed to mitigate his alleged damages.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:

120.    At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, defendant City is entitled to governmental immunity from liability.


**WHEREFORE,** defendants City, Miller, Olmo, Simons, Williams, Woods, Colon, Mirabel and Schriro request judgment dismissing the compliant in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:          New York, New York
                May 13, 2015

                            ZACHARY W. CARTER
                            Corporation Counsel of the
                                City of New York
                            *Attorney for Defendants*
                            100 Church Street, Room 3-173b
                            New York, New York 10007
                            (212) 356-2648


                By:    _____/s/_____
                            JENNY WENG
                            *Senior Counsel*


TO:    <u>VIA ECF</u>
        Thomas Odell, Esq.
        David L. Kornblau, Esq.
        Covington & Burling
        *Attorneys for Plaintiff*